IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GREGORY DAVIS,**

    **Petitioner,**

**v.**                                                      **Civil Action No. 2:08cv77**
                                                                 **(Judge Maxwell)**

**KUMA J. DeBOO, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On July 24, 2008, the petitioner, Gregory Davis, a federal prisoner, filed a *pro se* petition under the provisions of 28 U.S.C. §2241challenging his sentence computation. On July 24, 2008, an order was entered granting the petitioner's request for leave to proceed in forma pauperis. On July 24, 2008, the undersigned made a preliminary review of the file and determined that summary dismissal was not warranted at that time. Consequently, the respondent was directed to respond to the petition and did so by filing a Motion to Dismiss and Memorandum in support thereof on August 25, 2008. On August 26, 2008, a Roseboro Notice was issued. As of the date of this report and recommendation, the petitioner has filed no response.

This matter, which is before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, is ripe for review.

### II. Issues Presented

**A. The Petition**

The petitioner argues that his 190 month aggregate term of imprisonment must be calculated as an "old law" parole eligible sentence under 18 U.S.C. 4201, with statutory good time applied

pursuant to 18 U.S.C. § 4161. The petitioner bases this argument on his interpretation that the Supreme Court ruling in United States vs. Booker, 543 U.S. 220 (2005), not only made the U.S. Sentencing Guidelines advisory and not mandatory, but also invalidated the Sentencing Reform Act of 1984. Consequently, the petitioner argues that the Bureau of prisons is confining him longer than the law allows in violation of the Fifth Amendment of the United States Constitution by failing to adjust his good time and implement parole eligibility.

**B. Motion to Dismiss**

In Support of his Motion to Dismiss, the respondent argues that the petitioner has not exhausted his administrative remedies before seeking habeas relief. In addition, the respondent argues that the petitioner's sentence has been appropriately calculated.

### III. Standard of Review

In ruling on a motion to dismiss, the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.w3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Additionally, a district court should construe *pro se* petitions liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

### IV. Analysis

**A. Exhaustion**

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241

are merely judicially imposed. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004) (same). Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)). Indeed, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile. See id. at *5-*7.

However, even in cases where the administrative process is unlikely to grant an inmate relief, Courts have enforced a longstanding policy favoring exhaustion. See Alexander v. Hawk, 159 F.3d 1321, 1327-28 (11th Cir. 1998). In particular, it has been noted that the following policies are promoted by requiring the exhaustion of administrative remedies: "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'" Id. at 1327 (citation omitted).

In this case, the petitioner clearly has not exhausted his administrative remedies. The materials provided by the respondent include a SENTRY report which shows that the petitioner has not filed any administrative remedies challenging the manner in which the BOP has calculated his good conduct

3

time or his parole eligibility. (Doc. 12-5). Accordingly, the court could dismiss this matter without prejudice and require the petitioner to exhaust his administrative remedies before refiling if he were dissatisfied with the BOP's response to the administrative remedy process. However, it is clear that the petitioner's underlying claims are without merit and should be dismissed with prejudice.

**B. Sentence Calculation**

In April of 1999, the petitioner was convicted in the Middle District of Florida of Conspiracy to Pass Forged Securities and Possession of Counterfeit Corporate Checks. On January 31, 2000, the petitioner was sentenced to a 24 month term of imprisonment and a 5 year term of supervised release. (Doc. 12-2, pp.1-2).

On January 18, 2001, the petitioner satisfied the 24 month term of imprisonment and was released from the Bureau of Prisons custody, pursuant to Good Conduct Time release. His 5 year term of supervised release commenced on that date. (Doc. 12-2, p. 2),

On July 31, 2002, the petitioner was arrested by state authorities in Fayette County, Kentucky, for the offenses of Leaving the Scene of an Accident, driving with no Operator's License, driving with no insurance (2nd degree), fleeing or evading police (1st Degree), wanton endangerment (1st Degree), criminal mischief (1st Degree), and resisting arrest. The circumstances of this arrest resulted in the petitioner violating the conditions of his supervised release. In addition, the petitioner was convicted of violating 18 U.S.C. §111 (a)(1) and (b). (Doc. 12-2, 12-3, pp. 2-5).

On December 19, 2003, the petitioner was sentenced in the United States District Court for the Eastern District of Kentucky to a 190 month total term of confinement as a result of his conviction for violating 18 U.S.C. §111(a)(1) and (b). On remand from the Court of Appeals, the sentence was amended on January 13, 2006. However, the 190 month term was not affected by the amendment. On December 19, 2003, the petitioner was also sentenced to a 24 month term of imprisonment for the

supervised release violations. The 24 month term was ordered to operate currently with his 190-month sentence. (Doc. 12-2, pp. 2-3). The BOP has calculated the petitioner's current projected release date as September 18, 2016 with consideration for good conduct time. (Doc. 13-3, p. 38).

The petitioner does not appear to contest the validity of the sentences imposed by the Eastern District of Kentucky. However, he maintains that because the Court of Appeals remanded his case for re-sentencing in light of <u>Booker</u>, <u>supra</u>, his sentence was calculated as an "old law" parole eligible sentence under 18 U.S.C. § 4201, with statutory good time applied pursuant to 18 U.S.C. § 4161. More specifically, the petitioner alleges that pursuant to 18 U.S.C. 4161, his sentence of 70 months is entitled to earn eight days of good time credit for each month of incarceration served, and his sentence of 120 months is entitled to earn ten days of good time credit for each month of incarceration served. While the petitioner's calculations are unclear, it would appear that he is arguing that application of 18 U.S.C. 4161, would reduce his 70 month term of imprisonment to 58 months and his 120 month term of imprisonment to approximately 80 months.

The petitioner's interpretation of the impact of the <u>Booker</u> decision is clearly inaccurate. In fact, the decision held that the Sixth Amendment requirement that a jury find certain sentencing facts was incompatible with the Federal Sentencing Act, thus requiring severance of the acts provisions which make the guidelines mandatory. It did not, however, invalidate the entirety of the Federal Sentencing Guidelines. Therefore, because the petitioner's offense was committed on or after November 1, 1987, the petitioner's sentence is subject to the provisions of the Sentencing Reform Act of 1984 ("SRA").[1] . Pursuant to the provisions of his SRA generally, and 18 U.S.C. § 3624(b)

---

[1] Once the SRA became effective, the statutes governing the application of statutory good time and parole eligibility, 18 U.S.C. §§ 4161 and 4205, respectively, were repealed. The undersigned assumes that the use repealed statutes constitute the "old law" to which the petitioner refers in his petition.

5

specifically, and Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>,[2] the petitioner is eligible to receive a maximum of 54 days Good Conduct Time ("GCT"), for each full year served on his 190-month federal term, with GCT being prorated for the partial last year served. Furthermore, Program Statement 5884.03, <u>Good Conduct Time Under the Prison Litigation Reform Act</u>, implements the award of the GCT provisions of the PLRA. Pursuant to this Program Statement, if an inmate is serving a sentence for an offense committed on or after April 26, 1996, and the BOP determines that he has not earned or is not making satisfactory progress towards a General Equivalency Diploma or high school diploma, the BOP only will award a maximum of 42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year). In the petitioner's case, the BOP determined that he was not making satisfactory progress toward a GED or high school diploma. Consequently, he was placed in GED unsatisfactory status on September 1, 2006. (Doc. 12-4, p. 7). Therefore, beginning September 1, 2006, the petitioner has earned 42 days of GCT for each year served, with the portion of the last year being prorated. (Doc. 12-4, p. 9).

In summary, other than his unsupported assertion that the U.S. Sentencing Guidelines are advisory only, and therefore, his 190-month aggregate term of imprisonment must be calculated as an "old law" parole eligible sentence under 18 U.S.C. § 4201, with statutory good time applied pursuant to 18 U.S.C. § 4161, the petitioner provides no support for his allegation that his sentence has been calculated improperly. Because the petitioner's assertion is clearly erroneous, his petition is due to be dismissed.

### V. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to

---

[2] This program statement is available online at www.bop.gov.

Dismiss (Doc. 11) be **GRANTED** and the petitioner's § 2241 petition be **DISMISSED WITH PREJUDICE.** In addition, it is recommended that the petitioner's Motion in Support of Issuance of Subpoena Duces Tecum (Doc. 9) be **DISMISSED AS MOOT.**

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: October 14, 2008.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE