# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GREGORY DAVIS,**

    **Petitioner,**

**v.**                                                                                  **2:08 CV 77**
                                                                                               **(Maxwell)**

**KUMA J. DeBOO, Warden,**

    **Respondent.**

## ORDER

It will be recalled that on July 24, 2008, *pro se* Petitioner Gregory Davis instituted the above-styled civil action by filing an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241.

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

By Order To Show Cause entered July 24, 2008, Magistrate Judge Seibert indicated that he had conducted a preliminary review of the file and had determined that summary dismissal was not appropriate at that time. Accordingly, Magistrate Judge Seibert's July 24, 2008, Order directed the Respondent to show cause why the Petitioner's § 2241 Application should not be granted.

The Government's Response To Show Cause Order And Motion To Dismiss was filed on August 25, 2008. A <u>Roseboro</u> Notice was issued by Magistrate Judge Seibert on August 26, 2008, advising the Petitioner that he had thirty days from the date of entry of said Order in which to file any opposition explaining why his case should not be

dismissed. Said Roseboro Notice specifically advised the Petitioner that his failure to so respond might result in the entry of an order of dismissal against him. The docket in the above-styled civil action reveals that the Petitioner has not, to date, filed any response to the Government's Motion To Dismiss.

On October 14, 2008, Magistrate Judge Seibert entered a Report And Recommendation wherein he recommended that the Respondent's Motion To Dismiss be granted; that the Petitioner's § 2241 Petition be dismissed with prejudice; and that the Petitioner's Motion In Support Of Issuance Of Subpoena Duces Tecum be dismissed as moot.

In his Report And Recommendation, Magistrate Judge Seibert provided the parties with ten (10) days from the date of said Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Court's review of the docket in the above-styled action has revealed that no objections to Magistrate Judge Seibert's October 14, 2008, Report And Recommendation have been filed by the parties and that this matter is now ripe for review.

Upon consideration of Magistrate Judge Seibert's October 14, 2008, Report and Recommendation, and having received no written objections thereto[1], it is

**ORDERED** that the Report And Recommendation entered by United States

---

[1]The failure of a party to file an objection to a Report And Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

Magistrate Judge James E. Seibert on October 14, 2008, be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Respondent's Motion To Dismiss (Docket No. 11) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be, and the same is hereby, **DISMISSED, with prejudice**. It is further

**ORDERED** that the Petitioner's Motion In Support Of Issuance Of Subpoena Duces Tecum (Docket No. 9) be, and the same is hereby, **DENIED as moot**. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent. It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se*

Petitioner and to counsel of record in the above-styled civil action.

**ENTER:** November 26, 2008

_____
United States District Judge